1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH AUGUSTINE BOYD,

           Plaintiff,

              v.

DOW CONSTANTINE, King County
Executive, et al.,

           Defendants.

Case No. C21-234RSM

ORDER GRANTING MOTION TO
DISMISS

## I.     INTRODUCTION

This matter comes before the Court on Defendants Dow Constantine, King County Executive, John Diaz, Director King County Department of Adult and Juvenile Detention ("DAJD"), Gordon Karlsson, Commander DAJD Seattle (Retired), Patty Hayes, Director King County Public Health, and Julie Shaup, R.N. ("Defendants")'s Motion to Dismiss.  Dkt. #4. Plaintiff Joseph Augustine Boyd opposes this Motion.  Dkt. #7.  Neither side has requested oral argument.  For the reasons stated below, the Court GRANTS this Motion, dismisses certain claims, and remands this case to state court.

## II.     BACKGROUND

The following background facts are taken from Plaintiff's Complaint, Dkt. #1-1, and are considered true for purposes of ruling on this Motion to Dismiss.

This action is brought against King County, the above individually named Defendants, and unnamed "Doe" defendants.

ORDER GRANTING MOTION TO DISMISS - 1

Plaintiff Boyd was detained in a Department of Adult and Juvenile Detention ("DAJD") facility on December 6, 2017.  That day he fell from the upper bunk in his cell, striking the steel bunk structure, the adjacent steel sink and steel toilet.  Among other injuries, he tore his ACL, fractured his left ankle, and aggravated certain preexisting conditions.  He was transported to Harborview Medical Center where he underwent surgery, later returning to DAJD custody.

Mr. Boyd contends the fall was foreseeable by Defendants and that his cell suffered from design failures including "[t]he absence of a ladder, steps, footholds, hand holds and other assistance to climb up and into the bunk and then climb out and down from the bunk."  Dkt. #1-1 at ¶ 1.6.  He claims he was identified by jail medical staff as subject to possible self-harm and mental health issues, and due to this and his physical condition his assignment to an upper bunk was improper.

Two and a half years later, on August 11, 2020, Plaintiff Boyd's attorney filed a claim with King County's Office of Risk Management Services, as required by statute.  *See* Dkt. #1-1; Dkt. #8 at 5.  60 days passed without claim resolution.  Three more months passed.  The instant action was filed in state court on January 26, 2021.  The Complaint contains two causes of action: "state law claims," *i.e.* negligence; and "constitutional claims," *i.e.* a failure to protect claim under 42 U.S.C. § 1983.  Dkt. #1-1 at 8–10.

Removal occurred on February 25, 2021.  Defendants now move to dismiss.

### III.    DISCUSSION

#### A.  Legal Standard under Rule 12(b)(6)

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party.  *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted).

ORDER GRANTING MOTION TO DISMISS - 2

However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

**B. Analysis**

Defendants argue that the constitutional claims are time-barred and that the individual Defendants are immune from suit under the doctrine of qualified immunity.

Mr. Boyd explicitly concedes that Defendants Constantine, Diaz, Karlson, and Hayes should be dismissed because they have qualified immunity. Dkt. #7. Defendants point out that "Plaintiff does not address the qualified immunity similarly afforded to Defendant Shaup," that Plaintiff states "(t)he case should be dismissed due to the defendants' qualified immunity," and that Plaintiff "offers no further argument." Dkt. #9 at 2 (citing Dkt. #7 at 17). The Court finds that Plaintiff's concession that the case should be dismissed due to Defendants' qualified immunity encompasses all named individual Defendants, that the failure to mention Defendant

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Shaup was likely an oversight, and that in any event dismissal of all named individual Defendants is proper under the doctrine of qualified immunity.   All claims against these Defendants are dismissed.[1]

Federal courts apply the forum state's personal injury statute of limitations to § 1983 claims.  *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985), *superseded by statute on other grounds*, Judicial Improvements Act of 1990, Pub. L. No. 101–650, 104 Stat. 5114, as recognized in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377–80, 124 S. Ct. 1836, 158 L.Ed.2d 645 (2004).  Personal injury lawsuits in Washington, with a few exceptions that are not applicable here, are governed by a three-year statute of limitations.  RCW 4.16.080(2).

Under Washington law, before suing a local government, but within the applicable statute of limitation period, a plaintiff must first file a notice of claim with the government's designated agent, and then wait 60 days.  RCW 4.96.020.  The filing of the claim tolls the statute of limitation for 60 days.  *Id*.  However, the notice of claim provisions are inapplicable to § 1983 claims.  *Felder v. Casey*, 487 U.S. 131, 133, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988); *Joshua v. Newell*, 871 F.2d 884, 886 (9th Cir. 1989). RCW 4.96.020, the tolling statute, applies only to state claims. *A.T. v. Everett School District*, 300 F.Supp.3d 1234, 1253 (W.D. Wash. Jan. 9. 2018) quoting *Boston v. Kitsap Cty.*, 852 F.3d 112, 1189 (9th Cir. 2017) ("RCW 4.96.020 does not operate to toll the state's general [three-year] residual limitations period applicable to § 1983 actions.").

Mr. Boyd was injured on December 6, 2017.  He filed his lawsuit three years and one month later, on January 26, 2021.  Within this period, and dangerously close to the deadline, his attorney filed the notice of claim required to sue King County.  King County, for whatever

---

[1] Plaintiff also concedes that claims against Defendants Constantine, Diaz, Hayes, and Karllson should be dismissed because of their statutory immunity under RCW 4.24.470.  *See* Dkt. #7 at 17.  The Court agrees that this serves as an additional basis to dismiss all claims against these Defendants.

ORDER GRANTING MOTION TO DISMISS - 4

reason, did not resolve this claim within 60 days.  Several months passed.  Plaintiff clearly filed this suit more than three years after his injury.  Unfortunately, the law is clear that RCW 4.96.020 does not serve to extend the three-year statutory period for Boyd's federal claims. Plaintiff has presented no other valid basis under law to extend the deadline.  These claims are properly dismissed as untimely.

Although Plaintiff argues for equitable tolling, he offers no evidence of bad faith, deception, or false assurance on the part of Defendants.  Absent such a showing, the Court will not equitably toll the deadline for Plaintiff's constitutional claims.  *See Finkelstein v. Security Properties, Inc.*, 76 Wn. App. 733, 739-40, 888 P.2d 161 (1995).  The Court further questions the diligence of Plaintiff and his attorney and finds that it does not weigh in favor of equitable tolling.  *See* Dkt. #8 ("Declaration of Walter Peale").[2]

The Court finds that the above deficiencies cannot possibly be cured by amendment. Dismissal of the above claims will be made without leave to amend.

As the Court sees it, only Plaintiff's state law negligence claim against Defendant King County remains.  Defendants suggest the Court decline supplemental jurisdiction and remand this case to state court for further proceedings.  Dkt. #4 at 10.  Plaintiff agrees.  Dkt. #7 at 17.

## IV.    CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion to Dismiss, Dkt. #4, is GRANTED.  All

---

[2] Plaintiff's attorney's declaration contains the following: "I was not initially made aware of his fall, his injury or the treatment provided to him;" "He did not inform me of these circumstances when they occurred;" "My initial impression was the injury was real but liability in the county was not clear;" "I informed Mr. Boyd… a civil rights claim was unlikely to succeed; After his release I did not hear from him for an extended period;" "On or about May 13, 2019 Mr. Boyd signed a contingent fee agreement asking me to investigate his claim and file suit if appropriate;" "Pertinent information about his experiences between January 2018 and May 2029 [sic] was not provided;" "Mr. Boyd pressed me to file a lawsuit arising from his fall and injuries;" "I was not encouraging and again said I did not think his case was likely to succeed."  The declaration continues in this fashion, while also mentioning delays caused by COVID-19 and personal issues in the attorney's life that may have contributed to the late filing.

ORDER GRANTING MOTION TO DISMISS - 5

claims against the named individual Defendants are DISMISSED.  Plaintiff's second cause of action for constitutional claims is DISMISSED.  This case is REMANDED to King County Superior Court for resolution of any remaining state law claims.

DATED this 14th day of June, 2022.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO DISMISS - 6